UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| P&T MULTIMEDIA SERVICES, LTD,<br><br>Plaintiff,<br><br>v.<br><br>RETHINK FINANCIAL INC., *et al*.,<br><br>Defendants. | Case No. 2:24-cv-05038-FLA (AGRx)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED** |

## ORDER

In California, the elements of a contract are: "1. Parties capable of contracting; 2. Their consent; 3. A lawful object; and, 4. A sufficient cause or consideration." Cal. Civ. Code § 1550. A contract is unenforceable if it is "1. Contrary to an express provision of law; 2. Contrary to the policy of express law, though not expressly prohibited; or, 3. Otherwise contrary to good morals." *Id.* § 1667. "Where a contract has but a single object, and such object is unlawful, whether in whole or in part, … the entire contract is void." *Id.* § 1598. "No court will lend its aid to give effect to a contract which is illegal, whether it violate the common or statute law, either expressly or by implication." *Kreamer v. Earl*, 91 Cal. 112, 117 (1891) (quoted in

*Potvin v. Metro. Life Ins. Co.*, 22 Cal. 4th 1060, 1073 (2000)).

It is undisputed Plaintiff P&T Multimedia Services, LTD ("Plaintiff" or "P&T Multimedia") and Defendant ReThink Financial, Inc. ("ReThink") signed a Merchant Agreement ("Agreement") on October 27, 2022. Dkt. 24-1; *see also* Dkt. 25 at 4.[1] Defendants Cooraez Keshvani ("Keshvani"), Sean Caffey ("Caffey"), and Rudy Roma ("Roma") (collectively, with ReThink, "Defendants") are allegedly owners, directors, or operators of ReThink. *Id.* ¶¶ 3–5, 13. The Agreement underlies and is the basis for all of Plaintiff's causes of action against Defendants in this action. *See* Dkt. 24 ("FAC") ¶¶ 54–128.

Plaintiff alleges it is a Cyprus corporation that provides online gaming services in foreign countries, and that its customers pay for its services using credit cards. FAC ¶¶ 1, 8, 18. Plaintiff further alleges certain banks in the United States are not willing to handle credit card processing traffic for gaming merchants like P&T, due to the greater risk involved in such transactions and concerns that the purchased services violate United States state and federal laws prohibiting gambling. *Id.* ¶¶ 18–19. According to Plaintiff, Defendants ReThink and Keshvani induced Plaintiff to enter into the Agreement by "represent[ing] that ReThink's processing method hid the type of transaction being processed such as to hide the risk from the banks," and that "Plaintiff could expand its business geographically because [the processing method] would not disclose that the funds being processed were higher risk gaming funds." *Id.* ¶ 23. Pursuant to the Agreement, Defendants allegedly facilitated payment transactions with non-parties Evolve Bank ("Evolve") and JP Morgan Chase Bank ("Chase"). *Id.* ¶ 20.

Plaintiff additionally alleges facts suggesting the parties were aware neither Evolve nor Chase would have accepted Plaintiff's payment transactions had these

---

[1] The court cites documents by the page numbers added by the court's CM/ECF system, rather than any page numbers that appear within the documents natively.

banks known of the nature and source of the funds. *See id.* ¶¶ 27–43. For example, Plaintiff alleges it moved all of its transaction traffic to Chase after "Defendants told P&T that P&T's funds at Evolve had been blocked because another merchant, not P&T[,] had received VISA fines for alleged violations…." *Id.* ¶¶ 29–30. Plaintiff further alleges it specifically and clearly instructed Defendants not to "rerun" credit card transactions that had not been processed due to bank error, "so as not to provoke the users and bring scrutiny from customers or Chase." *Id.* ¶¶ 35–39. According to Plaintiff, Defendants' failure to comply with Plaintiff's instructions "brought scrutiny from Chase" and led to Chase freezing Plaintiff's funds." *Id.* ¶¶ 39–40, 43.

Based on the facts pleaded, Plaintiff and ReThink appear to have entered into the Agreement to, among other things, aid and abet illegal gambling, and to conceal or disguise the nature, location, source, ownership, or control of Plaintiff's credit card payment transactions from banks in the United States in violation of, at least, federal law. *See, e.g.*, 18 U.S.C. §§ 1955-1957; 31 U.S.C. §§ 5361–5366.

Accordingly, the parties are ORDERED TO SHOW CAUSE in writing, within twenty-one (21) days from the date of this Order, why this action should not be dismissed with prejudice because Plaintiff's claims, as pleaded, arise from and are dependent upon an agreement with an unlawful purpose. *See, e.g.*, *Potvin*, 22 Cal. 4th at 1073. Responses shall be limited to ten (10) pages in length, excluding declarations, exhibits, and other evidence.

IT IS SO ORDERED.

Dated: October 23, 2024

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

3